UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

TITA TED BORU,

    Plaintiff,

v.

INGRAM MICRO SERVICES, LLC,

    Defendant.

Case No.: 2:18-cv-00982-RFB-BNW

**ORDER**

Presently before the Court is Plaintiff Tita Ted Boru's Application to Proceed *In Forma Pauperis* (ECF No. 5). Boru previously filed a complaint that appears to allege employment discrimination claims against his former employer, defendant Ingram Micro Services, LLC (ECF No. 1-1).

**I.**     *In Forma Pauperis* **Application**

Boru submitted the long form version of the "Application to Proceed in District Court without Prepaying Fees or Costs," as required by 28 U.S.C. § 1915(a), demonstrating an inability to prepay fees and costs or give security for them. Accordingly, Boru's request to proceed *in forma pauperis* is granted.

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under the Federal Rule of Civil Procedure 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A. Background

Boru alleges he formerly was employed as a production technician at Ingram Micro Services. (Compl. (ECF No. 1-1) at 6.) Between November 2015 and February 18, 2016, Boru alleges he was verbally and physically harassed while employed by Ingram. (*Id.* at 4, 6.) The harassment included daily verbal harassment and two physical encounters. (*Id.* at 6.) Boru further alleges he reported the harassment to management, Francisco Tejada and Brandon,[1] but they did not act. (*Id.* at 4, 5-6.)

According to Boru, he applied for other open positions at the company, such as a position in the shipping department and as a quality control agent, but he was not interviewed or offered the positions despite his "perfect attendance, very good productivity and attitude." (*Id.* at 5.) Instead, Boru contends the company hired other candidates who were not as qualified as him, including two employees "who were responsible for making [his] workplace very uncomfortable." (*Id.*) Boru alleges the harassment was so excessive he was constructively discharged from his position. (*Id.* at 4, 7.) Specifically, Boru states "[t]here have been many other very violent endings in the

---

[1] Brandon's last name is illegible. (*See* Compl. at 5.)

past history involving employee related deaths. I Ted chose to walk-out/constructively discharge instead of taking the law in my own hands." (*Id.* at 7.)

Boru states he filed a complaint with the Nevada Equal Rights Commission but that it did not investigate and ruled in favor of Ingram. (*Id.* at 7-8.) He subsequently sued Ingram in this court for discrimination, seeking one year of lost wages and damages for emotional distress of $100,000. (*Id.* at 4.) In his *in forma pauperis* application, Boru explains that he diligently has been searching for work since his constructive discharge but that he is unable to secure employment due to his age. (*See* IFP Appl. (ECF No. 5).)

### B. Federal Question Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Boru's complaint asserts what the court understands to be employment discrimination and retaliation claims and states that he has completed the administrative process before the Nevada Equal Rights Commission. Therefore, liberally construing Boru's complaint as the court is required to do at this stage, it appears Boru invokes the court's federal question jurisdiction. However, Boru does not attach a notice of right to sue or allege when the notice was received by him in comparison to when he filed his original complaint. As discussed below, the court will dismiss Boru's complaint with leave to amend. If Boru chooses to amend, he must attach his notice of right to sue or include specific facts regarding when he received the notice so the court can evaluate whether Boru timely filed this lawsuit.

*C.    Discrimination*

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). To state a claim for discrimination, a plaintiff must allege he (1) belongs to a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and (4) similarly situated individuals outside her protected class were treated more favorably, or that a discriminatory reason motivated the employer. *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690-91 (9th Cir. 2017) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). If the plaintiff makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* at 691. If the defendant does so, then the plaintiff must show that the employer's proffered reasons were "a mere pretext for unlawful discrimination." *Id.*

Here, Boru fails to state a claim for discrimination under Title VII because he does not allege facts indicating that he belongs to a protected class. He alleges he was qualified for his position and subject to an adverse employment action, but he does not offer any facts indicating his constructive termination was because of his race, color, religion, sex, or national origin. He also states that other employees were treated more favorably, but he does not specify whether they were similarly situated employees outside his protected class. The court therefore will dismiss Boru's discrimination claim with leave to amend to include facts regarding his protected class, if any, and the the circumstances surrounding his constructive termination that give rise to an inference of discrimination.

*D.    Retaliation*

To make out a prima facie case of retaliation, plaintiffs must show that they (1) "undertook a protected activity under Title VII," (2) defendants subjected them to an adverse employment action, and (3) "a causal link between the two." *Vasquez v. City. of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003). Protected activities under Title VII include opposing allegedly discriminatory

acts by one's employer. *Id.*; see also 42 U.S.C. 2000(e)–3(a). They also include making informal complaints to one's supervisor. *See Ray v. Henderson*, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000).

Here, Boru fails to state a claim for retaliation. He alleges he suffered the adverse employment action of constructive discharge, but he does not allege facts indicating that he undertook a protected activity under Title VII or the causal link between the two. While he alleges his supervisors retaliated against him by not hiring him for other positions, he does not allege facts indicating that he undertook a protected activity under Title VII and that it was the reason for the retaliation. The court therefore will dismiss Boru's retaliation claim with leave to amend.

*E.  Instructions for Amendment*

If Plaintiff chooses to file an amended complaint, the document must be titled "Amended Complaint." The amended complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). Additionally, the amended complaint must contain a short and plain statement describing the facts underlying Plaintiff's claims and Defendant's conduct that make up his claim of discrimination. *See* Fed. R. Civ. P. 8(a)(2). Although the Federal Rules of Civil Procedure adopt a flexible pleading standard, Plaintiff still must give the Defendant fair notice of the Plaintiff's claims against it and Plaintiff's entitlement to relief.

Additionally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No.1-1) will no longer have any effect. Therefore, if Plaintiff files an amended complaint, the amended complaint must include all allegations Plaintiff seeks to make without reference to any prior pleading or other documents. The Court cannot refer to a prior pleading or other documents to make Plaintiff's amended complaint complete.

**III.  Conclusion**

IT IS HEREBY ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 5) is GRANTED. Plaintiff will not be required to pay the filing fee in this action.

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a

5

security for fees or costs. This Order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and with leave to amend. Plaintiff has until January 2, 2020, to file an amended complaint correcting the noted deficiencies as stated in this order. Failure to comply with this Order may result in a recommendation that this action be dismissed.

DATED December 2, 2019

BRENDA N. WEKSLER
UNITED STATES MAGISTRATE JUDGE